The Honorable Theresa Doyle
Trial Date: June 16, 2014

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| CHRISTINE DAVID and RODNEY CLURE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANKERS LIFE AND CASUALTY COMPANY, a foreign corporation; and ALBERT HAWKS, an individual,<br><br>Defendants. | No.  11-2-21154-1 SEA<br><br>FIRST AMENDED CLASS ACTION COMPLAINT |

## I.   INTRODUCTORY STATEMENT

This is a class action brought under the Washington Minimum Wage Act ("MWA"), Ch. 49.46 RCW, on behalf of all persons currently or formerly employed as Agents by Defendant Bankers Life and Casualty Company in the State of Washington at any time from three years prior to the filing of this Complaint to the present and hereafter.  Plaintiffs allege that they and other Agents were misclassified as independent contractors by Defendants and were thereby denied proper compensation, including minimum wages and overtime pay, required under the MWA.

## II. JURISDICTION AND VENUE

1. Jurisdiction and venue are proper in this Court under RCW 4.12.020 as all or some of the acts and omissions giving rise to this case took place in King County, Washington.

## III. PARTIES

2. Plaintiff Christine David is a resident of Seattle, Washington and was formerly employed by Bankers Life and Casualty Company as an Agent in Washington State.

3. Plaintiff Rodney Clure is a resident of Bellevue, Washington and was formerly employed by Bankers Life and Casualty Company as an Agent in Washington State.

4. Defendant Bankers Life and Casualty Company ("Bankers") is a foreign corporation with a principal place of business in Chicago, Illinois. At all times material hereto, Bankers conducted business in King County and the State of Washington.

5. Defendant Albert Hawks is a resident of Washington and, at all times material hereto, is and was the branch manager and regional manager for Bankers in Washington State.

6. Bankers and Albert Hawks are and were employers within the meaning of the MWA.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff and other persons hired by Defendants as Agents were engaged to sell annuities and other Bankers insurance products in Washington State. Bankers' insurance products are primarily targeted at senior citizens.

8. Defendants classified Plaintiffs and other Agents in Washington State as independent contractors rather than as employees.

9. Plaintiffs and other Agents were paid on a commission basis.

10. The Agents were economically dependent upon Bankers in all critical respects. Bankers controlled the manner and means of the work performed by the Agents; the Agents could not increase their profits by their managerial skill; any investment made by Agents in equipment or material was minimal; Bankers did not require any experience in the industry or as a salesperson and the level of skill required for the work was consistent with an employment relationship; Agents were given reason to expect a longstanding relationship with Bankers Life; and the work of the Agents -- selling of insurance products -- was integral to the business model of Bankers Life.

11. Plaintiff and other Agents routinely worked more than 40 hours per week during the three years prior to the filing of this complaint, but were never paid time and a half overtime wages by Defendants for hours worked in excess of 40 hours per week.

12. There were workweeks during the three years prior to the filing of this complaint when the compensation paid to Plaintiffs and other Agents was less than the minimum wage per hour set by the Washington Department of Labor and Industries under the MWA.

13. Defendants' failure to pay overtime compensation or, in some weeks, minimum wages was due to Defendants' misclassification of Plaintiffs and other Agents as independent contractors, when, in fact, they were statutory employees.

V. CLASS ALLEGATIONS

14. Plaintiffs file this lawsuit pursuant to the MWA and CR 23 on behalf of themselves and similarly situated individuals employed by Defendants. The class of

potential plaintiffs encompassed by this claim includes:

> All persons hired by Bankers who worked as Agents (or in similar job classifications) during the three years prior to the filing of this lawsuit and thereafter whom Bankers classified as independent contractors.

15. The action is properly maintainable under CR 23(a), (b)(2) and (b)(3).

16. The class described above is sufficiently numerous such that joinder of all of them is impractical, as required by CR 23(a)(1).

17. Pursuant to CR 23(a)(2), there are questions of law and fact common to the class, including, but not limited to: whether class members were misclassified as independent contractors by Defendants; whether class members are subject to the overtime requirements of the MWA; whether Defendants failed to pay class members one and one-half times their regular rate of pay for overtime work; and whether Defendants failed to pay class members minimum wages in any workweeks.

18. Pursuant to CR 23(a)(3), Plaintiffs' wage and hour claims are typical of the claims of all class members and of Defendants' anticipated affirmative defenses thereto.

19. Plaintiffs will fairly and adequately protect the interests of the class as required by CR 23(a)(4).

20. Pursuant to CR 23(b)(2), Defendants have acted on grounds generally applicable to the class members by uniformly misclassifying them as independent contractors, making declaratory relief appropriate with respect to the class as a whole.

21. Pursuant to CR 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VI. CLAIMS FOR RELIEF

**A.  First Claim - Failure To Pay Overtime Wages In Violation Of the MWA**

22. Plaintiffs repeat and reallege the prior allegations of this complaint.

23. Defendants' failure to pay Plaintiffs and the class members one and one-half times their regular rate of pay for hours worked in excess of 40 in their workweeks constitutes a violation of RCW 49.46.130.

24. As a result of Defendants' acts and omissions, Plaintiffs and the class members have been damaged in amounts as will be proven at trial.

**B.  Second Claim – Failure To Pay Minimum Wages In Violation Of The MWA**

25. Plaintiffs repeat and reallege the prior allegations of this complaint.

26. Defendants' failure to pay Plaintiffs and the class members at least the minimum wage per hour for each hour worked in their workweeks constitutes a violation of RCW 49.46.020.

27. As a result of Defendants' acts and omissions, Plaintiffs and the class members have been damaged in amounts as will be proven at trial.

## VII. PRAYER FOR RELIEF

28. The total recovery alleged by Plaintiffs in this case, including reasonable attorneys' fees but excluding interest and costs, is less than $75,000 for the named Plaintiffs individually and $5,000,000 in the aggregate for Plaintiffs and the class as a whole.

29. Wherefore, Plaintiffs, individually and on behalf of the similarly situated persons, pray for relief as follows:

  a.  Certification of this case as a class action pursuant to CR 23 and the MWA;

    b.    Damages for lost wages in amounts to be proven at trial;

    c.    Attorneys' fees and costs pursuant to RCW 49.46.090 and RCW 49.48.030;

    d.    Prejudgment interest; and

    e.    Such other and further relief as the Court deems just and proper.

DATED this 28th day of August, 2013.

SCHROETER, GOLDMARK & BENDER

Adam J. Berger, WSBA #20714  
Martin S. Garfinkel, WSBA #20787  
Lindsay L. Halm, WSBA #37141  
Counsel for Plaintiffs

## DECLARATION OF SERVICE

I, Sheila Cronan, a resident of the County of Kitsap, declare under penalty of perjury under the laws of the State of Washington that on August 28, 2013, I caused to be emailed and placed in the U.S. Mail, first class, postage prepaid, a true and correct copy of this document addressed to counsel of record, as follows:

> Daniel L. Thieme
> Ryan P. Hammond
> Rachelle L. Wills
> Littler Mendelson PC
> 600 University Street, Suite 3200
> Seattle, WA  98101
>
> Tyler L. Farmer
> Calfo Harrigan Leyh & Eakes LLP
> 999 Third Avenue, Suite 4400
> Seattle, WA  98104

DATED at Seattle, Washington this 28th day of August, 2013.

_____
SHEILA CRONAN
Paralegal