1

2

3

4

5

6

7

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTINE DAVID and RODNEY CLURE,
individually and on behalf of all others similarly
situated,

                Plaintiff,

    v.

BANKERS LIFE AND CASUALTY
COMPANY, a foreign corporation,

                Defendant.

Case No. 2:14-CV-00766-RSL

**DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

*Noted on Motion Calendar:*
July 28, 2017

**DEF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**2:14-CV-00766-RSL**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## I.    INTRODUCTION

The Washington Minimum Wage Act ("WMWA") grants companies the flexibility to determine compensation arrangements for workers so long as non-exempt employees receive one and one-half times their regular rate of compensation for overtime hours worked. Companies throughout Washington depend on that flexibility to design compensation plans that incentivize and reward workers in a manner consistent with their business needs.

Throughout this litigation, Plaintiffs have taken the position that Defendant Bankers Life and Casualty Company ("Defendant" or "Bankers Life") misclassified them as independent contractors, instead of non-exempt employees entitled to overtime compensation for hours worked in excess of forty (40) in a single workweek. While Bankers Life vehemently disputes Plaintiffs' position, Bankers Life moves this Court to correct Plaintiffs' mistaken notion as to a different issue: the proper damages calculation for misclassified employees paid solely on commissions. In this litigation, Plaintiffs have espoused the incorrect argument that when an employer pays only commissions to employees who work variable hours, they must pay one and one-half times the regular rate, determined by dividing the total number of hours worked by 40, for all hours worked over forty (40) in a single workweek. There is no authority to support this position. To the contrary, under state and federal law, the correct method for computing the regular rate and overtime for non-exempt commissioned employees is clear:  (a) total wages divided by the total number of hours worked (not 40) equals the regular rate; and (b) one-half of the regular rate must be paid as the statutorily required overtime premium for all hours worked in excess of forty (40) in a single workweek.

Bankers Life respectfully moves this Court for partial summary judgment on this portion of Plaintiffs' damages claim.  Specifically, Bankers Life asks that the Court enter an order holding that any overtime wages Plaintiffs may recover in this litigation (Bankers Life denies Plaintiffs are entitled to any overtime damages) are calculated by the method for calculating

**DEF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 1**
**2:14-CV-00766-RSL**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1   overtime wages for commissioned workers as set forth above. Such an order will narrow the

2   issues for the parties at trial.

3               **II.     FACTUAL BACKGROUND & PROCEDURAL HISTORY**

4          **A.     The Nature and Posture of the Case.**

5          Bankers Life is an insurance company that contracts with insurance sales agents as

6   independent contractors to sell its products. Both Plaintiffs entered into sales agent contracts to

7   sell Bankers Life's products as independent contractors. Plaintiffs claim they were actually

8   employees entitled to overtime pay pursuant to the Washington Minimum Wage Act

9   ("WMWA"). Bankers Life maintains it properly classified Plaintiffs as independent contractors,

10  and also contends Plaintiffs would in any event be exempt from overtime under the WMWA's

11  outside sales exemption, or the retail or service establishment exemption.

12         Plaintiffs filed this action in King County Superior Court on June 16, 2011.  The King

13  County Superior Court granted certification of a state-wide class of more than 1,000 Bankers

14  Life agents and former agents. ECF #12-10, 12-16. On May 19, 2014, after class certification,

15  Plaintiffs asserted a claim for damages exceeding $5 million.  ECF #1, p. 2.  Bankers Life then

16  removed this case, pursuant to CAFA, on May 22, 2014.  *Id*.  Bankers Life subsequently filed a

17  Motion to Decertify the Class. ECF #21. The Court granted Bankers Life's Motion to Decertify

18  on June 30, 2015. ECF #40.  In April 2016, Plaintiffs moved the Court to certify a new class of

19  agents. ECF #45. The Court denied that motion on May 6, 2016. ECF #76. Plaintiffs' individual

20  claims are now set for a bench trial on October 2, 2017.  ECF #88.

21         **B.     Commission Payment Plan.**

22         It is undisputed that Bankers Life paid Plaintiffs on a commission-only basis regardless

23  of the number of hours worked. Plaintiffs entered into a contract with Bankers Life to sell certain

24  insurance products. Declaration of Ryan P. Hammond ("Hammond Decl."), Exs. A & B. The

25  contract details the terms of services Plaintiffs are to perform, including the duties and authority

26

**DEF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 2**
**2:14-CV-00766-RSL**

1    of Plaintiffs, and provided that Plaintiffs will be paid on a commission basis pursuant to an

2    attached commissions schedule. *Id*. at ¶7.

3            **C.      Damages.**

4            On July 6, 2015, Plaintiffs produced an expert report with calculations for Plaintiffs'

5    alleged damages. Hammond Decl., Ex. C.  In describing their expert's calculations, Plaintiffs

6    specifically state that the overtime damages were calculated by dividing the total compensation

7    in a given workweek by 40 and then multiplying this alleged "regular rate" by "1.5" to ascertain

8    the overtime premium. Hammond Decl., Ex. D. Plaintiffs' method of calculating their alleged

9    damages is flawed.  It is unsupported by and contrary to Washington law and should not be

10   permitted by the Court.

11                       **III.    ARGUMENT AND ANALYSIS**

12           The WMWA, like the federal FLSA, requires employers to pay employees not less than

13   one and one-half times their "regular rate" for hours worked in excess of forty (40) in a

14   workweek. RCW 49.46.130(1); 29 U.S.C. § 207. The term "regular rate" is a term of art defined

15   in WAC 296-128-550, which states that when an employee is paid on some basis other than a

16   straight hourly wage rate, the regular rate of pay is determined by dividing the amount of

17   compensation received per week by the total number of hours worked during that week.

18           Despite overwhelming law to the contrary, Plaintiffs incorrectly espouse the argument

19   that (i) the regular rate is calculated by dividing the total weekly pay by forty (40) and (ii) the

20   overtime premium is calculated by multiplying the regular rate by 1.5. Both assertions are

21   incorrect. Therefore, Defendant respectfully requests that this Court issue an order articulating

22   the proper calculation for Plaintiffs' alleged damages, including the regular rate and overtime

23   calculation, as a matter of law.  In doing so, the Court will narrow the issues for trial.

24           **A.      Summary Judgment Standard.**

25           Summary judgment is appropriate when, viewing the facts in the light most favorable to

26   the nonmoving party, there is no genuine issue of material fact which would preclude summary

**DEF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 3**
**2:14-CV-00766-RSL**

1  judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to

2  summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to

3  interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for

4  trial." *Celotex Corp. v. Catr*ett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "The

5  mere existence of a scintilla of evidence in support of the non-moving party's position is not

6  sufficient." *Triton Energy Corp. v. Square D Co*., 68 F.3d 1216, 1221 (9th Cir.1995). Factual

7  disputes whose resolution would not affect the outcome of the suit are irrelevant to the

8  consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242,

9  248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In other words, "summary judgment should be

10  granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder]

11  could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

12  **B.     The Regular Rate Equals Total Wages Divided By The Number Of Hours The Wages Are Intended To Compensate.**

13  The law is clear that the regular rate is <u>not</u> calculated by dividing the total weekly

14  compensation by forty (40), but rather, by dividing the total compensation received by the <u>total</u>

15  <u>number of hours worked</u> in the workweek. Indeed, under both Washington and federal law,

16  employers are free to establish compensation arrangements in any manner they choose, but they

17  must do so knowing that their choice will impact the "regular rate" used in the overtime

18  calculation. In general, the "regular rate" includes "all remuneration for employment paid to, or

19  on behalf of, the employee." 29 U.S.C. § 207(e); *Inniss v. Tandy Corp*, 141 Wn.2d 517, 526, 7

20  P.3d 807 (2000).

21  Under the Washington Administrative Code, the term "regular rate" is determined "by

22  dividing the amount of compensation received per week ***by the total number of hours worked***

23  ***during that week.***" WAC 296–128–550 (emphasis added). Similarly, under the United States

24  Department of Labor Wage and Hour regulations at 29 C.F.R. § 778.109, an employee's regular

25  hourly rate of pay is determined "by dividing his total remuneration for employment (except

26

**DEF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** - 4
**2:14-CV-00766-RSL**

1    statutory exclusions) in any workweek by the total number of hours actually worked by him in

2    that workweek for which such compensation was paid." Therefore, "regular rate of pay" is the

3    same under both the FLSA and the WMWA. *See also, Monahan v. Emerald Performance*

4    *Materials, LLC,* 705 F. Supp.2d 1206, 1215 (W.D. Wash. 2010) ("'regular rate of pay' is the

5    same under both the FLSA and the [Washington] MWA.").

6          Neither the WMWA nor the FLSA set forth an explicit formula for determining the

7    "regular rate."  Rather, the regular rate is an "actual fact" derived from whatever compensation

8    arrangement the parties establish:

9          The regular rate by its very nature must reflect all payments which the parties
           have agreed shall be received regularly during the workweek, exclusive of
10         overtime payments.  It is ... an actual fact.  Once the parties have decided upon the
           amount of wages ... the determination of the regular rate becomes a matter of
11         mathematical computation.

12   *See*, Labor and Employment Law: Compliance and Litigation § 5:10.50 (3d ed.) (April 2017)

13   (citing *Walling v. Helmerich & Payne,* 323 U.S. 37, 65 S. Ct. 11, 89 L. Ed. 29 (1944)).

14         In *Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572, 579 (1942), the Supreme

15   Court explained the "mathematical computation" that must be used to determine an employee's

16   regular rate. The Court began its analysis with the example of an employee "under contract for a

17   fixed weekly wage for regular contract hours which are the actual hours worked." *Overnight*

18   *Motor*, 316 U.S. at 580 (superseded on other grounds by statute as stated in *Trans World*

19   *Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 n.22, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985)). In

20   such a case, the Court concluded that the regular rate is calculated as follows: "Wages divided by

21   hours equals regular rate." *Id.* at n.16.

22         The Supreme Court applied "the same method of computation" to determine the regular

23   rate when "the employment contract is for a weekly wage with variable or fluctuating hours."

24   *Overnight Motor*, 316 U.S. at 580.  In such a case, the formula "wages divided by hours equals

25   regular rate" means that "the regular rate varies with the number of hours worked." *Id.* (noting

26

**DEF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 5**
**2:14-CV-00766-RSL**

1   that "the longer the hours, the less the rate and the pay per hour"). The Supreme Court

2   concluded:

> It is this quotient [wages divided by the hours the wages were intended to
> compensate] which is the "regular rate at which an employee is employed" under
> contracts ... for fixed weekly compensation for hours, certain or variable.

5   *Id.* at 580; *see also Urnikis-Negro v. American Family Property Servs.*, 616 F.3d 665, 674 (7th

6   Cir. 2010).  The Supreme Court further noted that when a fixed salary is paid for variable hours

7   of work, "the longer the hours, the less the rate and the pay per hour. This is not an argument ...

8   against this method of determining the regular rate of employment for the week in question."

9   *Overnight Motor*, 316 U.S. at 580.

10  While only defining the "regular rate" in the foregoing two contexts (fixed salary for an

11  agreed-upon number of hours, and fixed salary for variable hours), the Supreme Court

12  recognized that a contract of employment may provide for any number of wage arrangements.

13  *Overnight Motor*, 316 U.S. at 579-80.  The contract may provide any number of compensation

14  approaches, but the "***same method of computation produces the regular rate for each week***."

15  *Id.* at 580 (emphasis added).

16  Plaintiffs' damages calculations, which divide total compensation for the week by only

17  forty (40) hours, not the amount of hours actually worked, do not follow the logic or plain

18  language of these seminal cases or regulations. To the contrary, Plaintiffs' argument has been

19  rejected by the vast majority of federal courts that have addressed this issue, and has been

20  expressly rejected by the Western District of Washington in a case decided under both the FLSA

21  and Washington state law. *Tumulty v. FedEx Ground Package System, Inc.*, 2005 WL 1979104

22  (W.D. Wash., Aug. 25, 2005) (discussed below).

23  In fact, Defendant is not aware of *any* state or federal authority holding that when an

24  employee is paid purely on commissions, the regular rate is calculated in a manner different than

25  that explained above.

26

**DEF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 6**
**2:14-CV-00766-RSL**

**C.     Administrative Guidance and Policy for both the WMWA and the FLSA Further Support the Regular Rate as Encompassing All Hours Worked**

While the WMWA does not explicitly define the regular rate, it is explicitly addressed in regulations and policies promulgated by the Washington Department of Labor and Industries (L&I), which has the authority to enforce the WMWA. To effectuate its enforcement, L&I promulgates regulations. If a statute is ambiguous, courts give L&I's regulations great weight absent a compelling indication that such interpretation conflicts with the legislative intent. *See, Washington Cedar & Supply Co., Inc. v. State, Dept. of Labor & Industries*, 119 Wn. App. 906, 913, 83 P.3d 101220 (2003).

With respect to payment of commissions, L&I has promulgated the following regulation:

Where employees are paid on a commission or piecework basis, wholly or partially,

(1) The amount earned on such basis in each workweek period may be credited as a part of the total wage for that period; and

(2) The total wages paid for such period **shall be computed on the hours worked in that period** resulting in no less than the applicable minimum wage rate.

WAC 296-126-021 (emphasis added).  *See also,* WAC 296-128-550 (for employees paid on a salary, commission, piece rate or percentage basis, the regular rate "may be determined by dividing the amount of compensation received per week by the total number of hours worked during that week.").

In addition to promulgating regulations, L&I provides guidance memorializing its interpretation of its regulations in "Administrative Policies" which are also given deference by courts. *Silverstreak, Inc. v. Dep't of Labor & Indus.*, 159 Wn.2d 868, 884, 154 P.3d 891 (2007). L&I's administrative policies provide clear and unequivocal guidance on how the regular rate is calculated. In response to the question "How is 'regular rate' determined?" L&I states: "Regular rate of pay for other than strictly hourly pay plans or practices is determined **by dividing the total weekly compensation received by the total number of hours the employee worked**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

during the workweek, including the hours over forty." ES.A.8.2, "How to Compute Overtime." L&I Admin. Policy ES.A.8.1 (emphasis added); *see also,* WAC 296-128-550.

The U.S. Department of Labor (DOL) has interpretations that mirror those of L&I. Specifically, the DOL issued an interpretative bulletin in 1968. 29 C.F.R. Part 778, 33 Fed. Reg. 986 (Jan. 23, 1968). [1] In the interpretive bulletin, the Department of Labor announced its agreement with the "wages divided by hours compensated" statutory interpretation that the Supreme Court adopted in the 1940s:

> [T]he regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid.

29 C.F.R. § 778.109; *see also* 29 C.F.R. § 778.108 (relying on the Supreme Court's decisions in *Bay Ridge* and *Walling* as the foundation of the "wages divided by hours compensated" approach); 29 C.F.R. § 778.308 ("Where employees are paid on some basis other than an hourly rate, the regular hourly rate is derived ... by dividing the total compensation (except statutory exclusions) by the total hours of work for which the payment is made."). The DOL's adoption of the Supreme Court's longstanding view that the regular rate is determined by dividing total wages by total hours worked "is consistent with the statutory language." *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1313 (10th Cir. 2011).

The overwhelming authority supports the conclusion that the regular rate is calculated by dividing total weekly compensation by the total weekly hours worked. Plaintiffs' assertion to the contrary is without merit.

---

[1] Unlike the guidance issued by L&I, the FLSA did not authorize the DOL to establish regulations pertaining to the regular rate or the overtime calculation, and the bulletin was not issued pursuant to notice and comment rulemaking procedures required for formal regulations. Fed. Reg. 986 (1968) (preamble). As a result, the "courts must apply the statute ... without the benefit of binding interpretations...."). *See, Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 461, 68 S.Ct. 1186 (1948).

**DEF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** - 8
**2:14-CV-00766-RSL**

**D.      The Overtime Premium is One-Half of the Regular Rate.**

As mentioned, the WMWA requires employers to pay an employee his or her "regular rate" for all work performed in excess of 40 hours per week plus an additional half-time premium for a total of one and one-half times the regular rate. RCW 49.46.130(1). Said differently, if an employee's contractually agreed-upon pay is already at least minimum wage for every hour worked, the employer's only remaining obligation under the WMWA and the FLSA is to pay an additional one-half of that regular hourly rate for each overtime hour worked, thereby providing the required "one and one-half times the regular rate" for all overtime hours. *Chavez*, 630 F.3d at 1313.

Indeed, the regular rate is the "time" component of the "time and one-half" overtime obligation, while the statutorily-mandated overtime premium that must be paid in addition to the contractually-agreed pay is the "and one-half" component. *See Walling*, 325 U.S. at 426 (regular rate is for all hours worked, so compliance with "time and one-half" obligation requires only an additional 50% premium for hours worked above forty).  As the United States Court of Appeals for the Seventh Circuit explained:

> "Notably, the approach taken by the Court in *Missel* [*v. Overnight Motor*] treats the fixed weekly wage paid to the employee as compensation at the regular rate for all hours that the employee works in a week, including overtime hours. The employer will separately owe the employee a premium for the overtime hours, but because he has already been compensated at the regular rate for the overtime hours by means of the fixed wage, the employer will owe him **only one-half** of the regular rate for those hours rather than time plus one-half."

*Urnikis-Negro*, 616 F.3d at 675 (emphasis added).

Indeed, as noted above, the Western District of Washington has affirmed that this approach is the proper one. *Tumulty v. FedEx Ground Package System, Inc.*, 2005 WL 1979104 at *5 (W.D. Wash. 2005) ("Once the fact finder determines the number of overtime hours worked each week, any overtime compensation due will be calculated by dividing the total hours worked each week by [Plaintiffs' weekly salary] and then multiplying **half** that 'hourly rate' by the number of hours in excess of forty that each Plaintiff worked that week") (emphasis added).

**DEF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 9**
**2:14-CV-00766-RSL**

To illustrate the correct calculation of the regular rate for a commissioned employee, if in a particular workweek an employee is paid $1,000.00 in commissions, and he worked 50 hours in that week, his regular rate of pay for each of his 50 hours is $20/hour ($1,000 divided by 50 = $20). Since the employee was already paid $20 per hour for his ten hours of overtime, all that is left to be paid is the additional half time for his overtime hours in excess of 40, so $100 ($20 x .5 x 10 = $100). What the WMWA does not require is an additional payment, on top of the commissions, of one and one-half times the regular rate for hours over 40. If it did, this worker would be owed $37.50 for each overtime hour (Dividing the $1,000 in commissions by 40 rather than 50 hours yields a regular rate of $25, plus another one-half of the regular rate equals $37.50 per hour), which would entitle him to an additional $375.00 in payment on top of his commissions, or more than <u>another third of his commissions for ten hours of work</u>. Surely this is not what the legislature intended. Yet that is precisely the incorrect overtime calculation asserted by Plaintiffs. The methodology for determining the regular rate adopted by L&I and the DOL – dividing the total compensation earned that week by the number of hours it took to earn it, including the hours over 40 – is the only methodology that makes sense, and is all Plaintiffs would be able to recover in the unlikely event that they were to prevail at trial.

**E.    The Fluctuating Workweek Analysis is Inapplicable Here as Plaintiffs were Not Paid on a Salary Basis**

Based on their assertions in this case, it is likely that Plaintiffs will argue that Defendant's compensation plan is subject to a "fluctuating workweek" analysis. This is incorrect.

An employee is paid for a "fluctuating workweek" when the employee is paid a fixed salary and "it is clearly understood and agreed upon by both employer and employee that the hours will fluctuate from week to week and that the fixed salary constitutes straight-time pay for all hours of work." Wash. Dep't of Labor & Indus., Administrative Policy, ES.A.8.1, at 5 (issued Nov. 6, 2006); *see also*, 29 C.F.R. § 778.114 (federal fluctuating workweek statute). In such circumstances, because it was understood that all hours worked were paid by the salary, the

**DEF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 10**
**2:14-CV-00766-RSL**

employee is entitled to "one-half hour's pay for each hour over 40 in the work week." Administrative Policy, ES.A.8.1, at 5. However, "[i]f the employer fails to establish a specified number of hours per week for which the salary is intended to compensate the worker, it will be assumed that the salary is based upon a 40–hour workweek, and thus, 1–1/2 times the worker's regular rate will be due for all hours worked in excess of 40 in each workweek." Administrative Policy, ES.A.8.2, at 2.

It is clear that the "fluctuating workweek" does not apply where there is no "fixed salary," as here where Plaintiffs were paid solely on commissions. As described by L&I and the DOL, the so-called "fluctuating workweek" method of payment is only one example of how the regular rate may be calculated under the circumstances described. The fluctuating workweek method of payment does not foreclose other compensation arrangements, and does not exclude other compensation arrangements from the standard "wages divided by hours compensated" approach to determining the regular rate. *Allen v. Board of Public Educ.*, 495 F.3d 1306, 1313 (11th Cir. 2007).

For commissioned workers, the "wages divided by hours compensated" approach espoused by *Overnight Motor, Walling, Allen*, L&I regulations and section 778.109 is all that the WMWA requires.  Put simply, paying overtime premiums equal to one-half the regular rate is not an exception.  It is the rule.

**F.      The Imposition of a 1.5 Premium is Tantamount to an Award of Punitive Damages**

Plaintiffs' rationale for imposing a 1.5 overtime premium is nothing more than an impermissible attempt to penalize Bankers Life for allegedly misclassifying them. However, nothing in the WMWA provides for treble damages. WMWA has a built-in liquidated damages provision that already serves a deterrent function. RCW 49.52.050(2) ("Any employer ... who shall violate any of the provisions of RCW 49.52.050(1) and (2) shall be liable in a civil action by the aggrieved employee ... to judgment for twice the amount of the wages unlawfully rebated

**DEF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** - 11
**2:14-CV-00766-RSL**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1  or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for

2  attorney's fees."). Plaintiffs may not self-servingly extend the remedies of this statute beyond

3  what the legislature intended.

4                              **IV.**     **CONCLUSION**

5        This Court should confirm that the most logical reading of the WMWA is the correct

6  reading; namely, that the regular rate for commissioned employees is total compensation divided

7  by total hours worked; and that one-half of that regular rate must be paid as an additional

8  overtime premium for all hours worked over 40 in a workweek.  This straightforward approach

9  will ensure adherence to the text of the WMWA, Supreme Court precedent and regulatory

10  guidance, while allowing employers to design compensation plans that meet their needs.

11  July 5, 2017

12

13                                    *s/ Ryan P. Hammond*
                                    Ryan P. Hammond, WSBA #38888

14                                   rhammond@littler.com
                                    Joanna M. Silverstein, WSBA #38577

15                                   jsilverstein@littler.com
                                    LITTLER MENDELSON, P.C.

16                                   One Union Square
                                    600 University Street, Suite 3200

17                                   Seattle, WA  98101.3122
                                    Phone:      206.623.3300

18                                   Fax:        206.447.6965

19                                   Attorneys for Defendant

20

21

22

23

24

25

26

**DEF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** - 12
**2:14-CV-00766-RSL**

1

## CERTIFICATE OF SERVICE

2       I hereby certify that on July 5, 2017 I electronically filed the foregoing document with the

3   Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

4   following CM/ECF participants:

5

6   **Adam J. Berger, WSBA #20787**
    berger@sgb-law.com
7   **Lindsay  L. Hahm, WSBA  #37141**
    halm@sgb-law.com
8   **Jamal Whitehead, WSBA  #39818**
    whitehead@sgb-law.com
9   **SCHROETER GOLDMARK & BENDER**
    **810 Third Avenue, Suite 500**
10  **Seattle, Washington 98104**
    **Tel: (206) 622-8000**
11  **Fax: (206) 682-2305**

12  **ATTORNEYS FOR PLAINTIFF**

13

14  Dated: July 5, 2017

15                          *s/ Tiffany D. Holiday*
                            tholiday@littler.com
16                          **LITTLER MENDELSON, P.C.**

17

18

19
    Firmwide:132341428.5 079456.1001
20

21

22

23

24

25

26

**DEF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 13**
**2:14-CV-00766-RSL**