The Honorable Robert S. Lasnik
Hearing Date: September 15, 2017

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTINE DAVID and RODNEY CLURE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANKERS LIFE AND CASUALTY COMPANY, a foreign corporation,<br><br>Defendant. | Case No. 2:14-CV-00766-RSL<br><br>**DEFENDANT'S MOTIONS IN LIMINE** |

## I.    INTRODUCTION AND RELIEF REQUESTED

This matter is set for a bench trial beginning on October 2, 2017. Defendant Bankers Life and Casualty Company ("Bankers" or "Defendant") moves the Court for an Order *in limine* excluding testimony of and evidence related to agents other than Plaintiffs Christine David and Rodney Clure.  Although the Court has *twice* denied Plaintiffs certification of a class, thus limiting this case to the individual claims of Plaintiffs David and Clure, Plaintiffs nonetheless seek to introduce testimony from a dozen members of the uncertified class.  Evidence of the experiences of other agents is not relevant to the issues in this case and, to the extent the agents have firsthand knowledge of the experiences of Plaintiffs David and Clure, their testimony would be wasteful and cumulative.

**DEFENDANT'S MOTIONS IN LIMINE  - 1**
**2:14-CV-00766-RSL**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1    Defendant also moves for an Order *in limine* excluding testimony of witnesses and
2 introduction of exhibits that were not disclosed as required by Federal Rule of Civil Procedure 26(a)
3 or provided in response to Defendant's discovery requests.

4            **II.    CERTIFICATION PURSUANT TO LCR 7(D)(4)**

5    Pursuant to LCR 7(d)(4), the parties held a telephone conference on September 5, 2017, to
6 confer regarding their motions *in limine*.  Declaration of Ryan Hammond ("Hammond Decl.") at ¶
7 2.  The parties conferred in good faith in an effort to resolve the matters in dispute, and this motion
8 is limited to those matters upon which the parties have not agreed.  *Id.*

9            **III.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

10    The Court is generally familiar with the facts in this matter by virtue of the parties' class
11 certification and summary judgment briefing, and those facts will not be repeated in detail here.  In
12 short, Plaintiffs initiated this action in King County Superior Court, asserting that they and other
13 agents were improperly classified as independent contractors, and the state court certified a
14 statewide class of agents pursuant to Washington Civil Rule 23.  Docket Nos. 12-10, 12-16.  When
15 Plaintiffs asserted a claim for damages exceeding $5 million, Defendant removed the case to this
16 Court pursuant to the Class Action Fairness Act.  Docket No. 1.

17    On June 30, 2015, this Court granted Defendant's motion to decertify the class under
18 Federal Rule of Civil Procedure 23.  Docket No. 40.  Defendant argued that agents had varied
19 experiences with respect to their work for Bankers and, consequently, evaluating whether a given
20 agent is an employee or an independent contractor would require individualized inquiries.  Docket
21 No. 21.  The Court agreed, explaining that "[l]ooking at the economic reality of agents'
22 experiences, it is clear that different class members enjoyed different relationships with the
23 company during the class period."  *Id.* at 12.  The Court ultimately held: "Determining whether
24 class members are employees or contractors under the economic-dependence test would require an
25 individualized inquiry into each agent's employment experience."  *Id.* at 13.  The Court also held
26 that Bankers' alternative defense under the outside sales exemption precluded class certification

**DEFENDANT'S MOTIONS IN LIMINE** - 2
**2:14-CV-00766-RSL**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1  because it required "individualized inquiries," such as "each agent's ability to regulate his own
2  hours." *Id.* at 14.

3       On May 6, 2016, this Court denied Plaintiffs' motion to certify a more limited class of
4  agents who started with Bankers during the class period and who worked under a single manager,
5  Al Hawks.  Docket No. 76.  In determining whether an individual is an independent contractor or
6  an employee, the analysis focuses on whether the particular individual is economically dependent
7  on the business, which the court evaluates using a six-factor test.  *Id.* at 4.  In considering the more
8  narrow class, the Court held: "Factors that previously led the Court to conclude that putative class
9  members had different relationships with Bankers are present even in the more circumscribed
10  proposed class."  *Id.* at 7.  The Court declined to certify the narrower class because of "the varied
11  experiences of the agents," which predominated over common issues with respect to the economic-
12  dependence test and the outside sales exemption.  *Id.* at 8.

13               **IV.**    **ARGUMENT REGARDING OTHER AGENTS**
14      **A.**    **Legal Standard for Relevancy.**

15       It is well-settled that only "relevant evidence" is admissible at trial.  Fed. R. Evid. 401, 402.
16  "Relevant evidence" means evidence that "has any tendency to make a fact more or less probable
17  than it would be without the evidence" and which "is of consequence in determining the action."
18  Fed. R. Evid. 401.  Courts may exclude relevant evidence "if its probative value is substantially
19  outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by
20  considerations of undue delay, waste of time, or needless presentation of cumulative evidence."
21  Fed. R. Evid. 403.  Trial judges are afforded "wide discretion" in determining whether evidence is
22  relevant.  *United States v. Alvarez,* 358 F.3d 1194, 1205 (9th Cir.2004) (citing *United States v.*
23  *Long,* 706 F.2d 1044, 1054 (9th Cir.1983)).  Because "[a]n in limine order precluding the
24  admission of evidence or testimony is an evidentiary ruling (citation omitted), a district court has
25  discretion in ruling on a motion in limine."  *United States v. Ravel,* 930 F.2d 721, 726 (9th
26  Cir.1991) (citing *United States v. Komisaruk,* 885 F.2d 490, 493 (9th Cir.1989)).

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

**B.     Plaintiffs Should Be Precluded From Admitting The Testimony Of Other Agents' Experiences Because Such Testimony Is Irrelevant To Their Individual Claims.**

As detailed above, the Court has already *twice* held that the economic-dependence test and the outside sales exemption require an "individualized inquiry" into each agent's particular experience.   Accordingly, the Court expressly limited this case to the claims of the two named plaintiffs, Christine David and Rodney Clure.

Nonetheless, Plaintiffs have listed in their pretrial statement a dozen witnesses who are former Bankers agents, including Sam Chan, Anthony Gaynes, Gary Glassburn, David Hendry, Maureen Hoff, Shawn Layton, Mark Levy, Leif Madsen, Christopher Mitchell, Charles Taylor, Thomas Witten, and Lekenyada Winston.   Plaintiffs describe the scope of their testimony as follows: "Defendant Bankers' operations, the job duties of Plaintiffs and other Agents in Bankers' Bellevue office, the working conditions of Plaintiffs and other Agents in Bankers' Bellevue office, Defendant Bankers' policies and practices, payroll, and other subject matters relevant to this lawsuit."  Hammond Decl., Ex. A, pp. 8-10.  However, because this Court dismissed Plaintiffs' class claims, the only facts "of consequence" in this case concern Christine David's and Rodney Clure's individual experiences and practices as agents with Bankers.  The experiences of other agents are irrelevant and have no bearing on Plaintiffs' claims.  The Court should exclude any testimony from other agents related to experiences of agents other than Plaintiffs.

**C.     Plaintiffs May Not Introduce The Experiences Of Other Employees As "Other Acts" To Establish Any Of Their Individual Claims In This Case.**

Federal Rule of Evidence 404(b) "impose[s] a blanket prohibition on propensity evidence." *Blind-Doan v. Sanders,* 291 F.3d 1079, 1082 (9th Cir. 2002).  Specifically, Rule 404(b) excludes evidence of "other acts" when offered to prove the actor's propensity to engage in conduct in conformity therewith.  *United States v. Estrada*, 453 F.3d 1208, 1213 (9th Cir. 2006).

For example, in *Shea v. Galaxie Lumber & Construction Company*, 1996 WL 111890 (N.D. Ill. Mar. 12, 1996), the district court granted the employer's motion *in limine* to exclude

**DEFENDANT'S MOTIONS IN LIMINE - 4**
**2:14-CV-00766-RSL**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1  evidence that other employees had claims for overtime against the employer.  *Id.* at *1.  The court

2  reasoned that such evidence was inadmissible under Rule 404(b) because it was "clearly to be

3  introduced to prove a propensity to do bad acts, i.e., failure to pay overtime wages."  *Id.*

4      The same result is warranted in this case.  Plaintiffs intend to call witnesses who are

5  unrelated to the instant litigation in an attempt to establish that Bankers has a "propensity" to

6  control its agents without permitting them sufficient independence and freedom to qualify as

7  independent contractors or outside sales employees.  Such evidence is improper.  The experiences

8  of other agents have no bearing on the merits of Plaintiffs' claims.  Indeed, it was for this very

9  reason that the Court decertified the class, and refused to certify a narrower class of agents who

10  worked under a single manager.  Accordingly, any evidence of "other acts" regarding the

11  experiences of other Bankers agents should be inadmissible as to Plaintiffs' individual claims in

12  this case.

13        **D.  To The Extent The Testimony Of Other Agents Is Permitted, It Should Be
   Limited To Personal Knowledge About The Practices Of Plaintiffs David
14             And Clure.**

15      Witnesses who lack firsthand knowledge of Plaintiffs' experiences should not be permitted

16  at trial, as such testimony would constitute improper lay opinion.  Specifically, testimony cannot

17  be admitted at trial if it goes beyond a lay witness' personal knowledge and experience.  Fed. R.

18  Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a

19  finding that the witness has personal knowledge of the matter"); Fed. R. Evid. 701 ("testimony in

20  the form of an opinion is limited to one that is (a) rationally based on the witness's perception;  (b)

21  helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c)

22  not based on scientific, technical, or other specialized knowledge within the scope of Rule 702").

23  Similarly, testimony that is speculative, lacks foundation, or based on hearsay also cannot be

24  admitted.  Fed. R. Evid. 602, 801.  Accordingly, Plaintiffs should not be permitted to introduce any

25  testimony from other agents unless it is based on their personal knowledge about Plaintiffs.

26

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

Each of the other agents identified by Plaintiffs in this case have either provided deposition testimony or signed declarations.  The only reference to either of the Plaintiffs in any of the other agents' deposition or declaration testimony was in the declaration of Leif Madsen, who attested that he and Rodney McClure were prohibited from working together.  *See* Declaration of Leif Madsen, ¶ 10 (Docket No. 48).  If they did not work together, then Mr. Madsen could not have personal knowledge about Mr. McClure's experiences and practices while working as an agent for Bankers, and Mr. Madsen's testimony should be excluded – along with all of the other agents, as there is no evidence they have personal knowledge about the experiences of Plaintiffs David or Clure at Bankers.

**E.      Even If The Testimony Of Other Agents Is Relevant, It Is Wasteful And Cumulative And Should Be Excluded On That Basis.**

Even if this Court were to find that the testimony of other agents is relevant because they have personal knowledge about the practices of Plaintiffs David or Clure, the evidence should still be excluded.  Here, both Plaintiffs David and Clure will testify.  They, and the supervisors they reported to, will have the most thorough and direct knowledge of the practices that impact their claims.  To the extent the testimony of other agents relates to the practices of Plaintiffs David or Clure, its marginal value is substantially outweighed by concerns of wasting the Court's and the parties' time with cumulative evidence.  What could be a one-week trial by focusing on testimony straight from the source, i.e., Plaintiffs and the supervisors they reported to, could be turned into a several-week trial by Plaintiffs' parade of other agents who possibly saw or heard something that Plaintiffs should and could testify about from firsthand experience.

## V.      ARGUMENT REGARDING UNDISCLOSED WITNESSES AND DOCUMENTS

Federal Rule of Civil Procedure 26(a) imposes on parties a duty to disclose evidence likely to be relied upon at trial, while Rule 26(e)(1) requires parties to timely supplement these disclosures in the event they learn of additional information that has not otherwise been made known during the discovery process.  A party that without substantial justification fails to disclose

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1  information required by Rule 26(a) or 26(e) is not, unless such failure is harmless, permitted to use

2  as evidence at a trial, any witness or information not so disclosed.   Fed. R. Civ. P. 37(c)(1).  The

3  Court may exclude the evidence even if the party at fault did not disobey an express court order or

4  act with willfulness or bad faith.  *See* *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d

5  1101, 1106 (9th Cir. 2001).  Allowing Plaintiffs to rely on the testimony of previously undisclosed

6  witnesses would severely prejudice Bankers Life's ability to adequately prepare a defense against

7  Plaintiffs.   Accordingly, to the extent Plaintiffs attempt to introduce witnesses or evidence that

8  were not previously disclosed (except for impeachment purposes), the evidence should be

9  excluded.

10  ## VI.    CONCLUSION

11       Bankers moves to exclude the testimony of other agents – specifically Sam Chan, Anthony

12  Gaynes, Gary Glassburn, David Hendry, Maureen Hoff, Shawn Layton, Mark Levy, Leif Madsen,

13  Christopher Mitchell, Charles Taylor, Thomas Witten, and Lekenyada Winston.   At a minimum,

14  their testimony should be limited to personal knowledge about the experiences of Plaintiffs David

15  and Clure.

16       Bankers also moves to exclude testimony of witnesses and introduction of exhibits that were

17  not disclosed as required by Federal Rule of Civil Procedure 26(a) or provided in response to

18  Defendant's discovery requests.

19       For the foregoing reasons, Defendant respectfully requests that the Court enter an order *in*

20  *limine* excluding the evidence detailed above.

21  //

22  //

23  //

24  //

25  //

26

**DEFENDANT'S MOTIONS IN LIMINE  - 7**
**2:14-CV-00766-RSL**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1   September 5, 2017

2

3                                           s/ Ryan P. Hammond
                                            Ryan P. Hammond, WSBA #38888
4                                           rhammond@littler.com
                                            Joanna M. Silverstein, WSBA #38577
5                                           jsilverstein@littler.com
                                            LITTLER MENDELSON, P.C.
6                                           One Union Square
                                            600 University Street, Suite 3200
7                                           Seattle, WA  98101.3122
                                            Phone: 206.623.3300
8                                           Fax:    206.447.6965

9                                           Attorneys for Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**DEFENDANT'S MOTIONS IN LIMINE  - 8**
**2:14-CV-00766-RSL**

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on September 5, 2017, I electronically filed the foregoing document

3   with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

4   to the following CM/ECF participants:

5   <u>ATTORNEYS FOR PLAINTIFFS</u>

6   Adam J. Berger, WSBA #20787
    berger@sgb-law.com
7   Lindsay  L. Hahm, WSBA  #37141
    halm@sgb-law.com
8   Jamal Whitehead, WSBA  #39818
    whitehead@sgb-law.com
9   SCHROETER GOLDMARK & BENDER
    810 Third Avenue, Suite 500
10  Seattle, Washington 98104
    Tel: (206) 622-8000
11  Fax: (206) 682-2305

12

13

14  Dated:  September 5, 2017

15                                          *s/ Karen Fiumano Yun*
                                            _____
16                                          kfiumano@littler.com
                                            **LITTLER MENDELSON, P.C.**
17

18

19

20  Firmwide:149614487.1 079456.1001

21

22

23

24

25

26

**DEFENDANT'S MOTIONS IN LIMINE  - 9**
**2:14-CV-00766-RSL**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300