EXHIBIT A

The Honorable Robert S. Lasnik

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
9                                         AT SEATTLE

10   CHRISTINE DAVID and RODNEY
     CLURE, individually and on behalf of all          No.  14-cv-00766-RSL
11   others similarly situated,
                                                       PLAINTIFFS' PRETRIAL STATEMENT
12                              Plaintiffs,

13        v.

14   BANKERS LIFE AND CASUALTY
15   COMPANY, a foreign corporation,

16                              Defendant.

17
            In accordance with the Federal and Local Rules of Civil Procedure, Plaintiffs
18
19   Christine David and Rodney Clure, by and through their undersigned attorneys, make the

20   following Pretrial Statement.  Plaintiffs reserve the right to amend or supplement this Pretrial

21   Statement, and the exhibit and witness lists below, as necessary, prior to the parties lodging

22   the Pretrial Order with the Court.

23                              I.      **JURISDICTION**

24
            In June 2014 Plaintiffs made a class-wide demand to Defendant Bankers Life and
25
26   Casualty Company ("Bankers") in excess of $5 million.  Defendant Bankers subsequently

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

removed this case to federal court, invoking diversity jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

## II.   CLAIMS FOR RELIEF

Plaintiffs claim that they were misclassified as independent contractors while working as Agents for Bankers, and therefore were not paid the minimum wages and overtime wages required by the Washington Minimum Wage Act ("MWA"), RCW 49.46.020 & .130. Plaintiffs claim that Bankers failed to pay one and one-half times their regular rate of pay for hours worked in excess of 40 in a workweek and failed to pay required minimum wages for all hours worked in some workweeks.

## III.   PLAINTIFFS' UNDISPUTED FACTS

### A.   Procedural History

Plaintiff Christine David initially filed this putative class action lawsuit in state court in June 2011 on behalf of herself and similarly situated individuals employed by Defendants Bankers Life & Casualty Company ("Bankers") and Al Hawks, a regional and branch manager for Bankers. The Complaint was amended in August 2013 to add another named plaintiff, Rodney Clure. The case was certified as a class action in state court pursuant to CR 23 in December 2013.

After this case was removed to federal court, the claims against Defendant Al Hawks were voluntarily dismissed and this Court decertified the class in July 2015. The Court denied certification of a more narrowly defined class on May 6, 2016.  Plaintiffs are now proceeding on their individual claims against Defendant Bankers.

**B.    Facts Regarding Plaintiffs' Work For Bankers.**

**1.    Plaintiff Christine David's Tenure and Earnings**

Plaintiff Christine David worked for Bankers as an Agent in its Bellevue, Washington office from August 2009 to July 2010, selling Bankers' insurance products to Bankers' customers in the State of Washington. For the entirety of her tenure, Al Hawks was the Regional Manager for the Seattle area and the Branch Sales Manager for the Company's Bellevue office. Because Bankers labelled David an "independent contractor," she did not receive minimum wage in all workweeks or overtime pay when she worked more than forty hours in a week. In some weeks, she received no pay at all. Out of the 21 pay periods she worked for the Company, there are seven (7) where David was paid zero dollars; and eight (8) where Bankers paid her less than $500 in a bi-monthly pay period. For the entire eleven months she worked as an Agent for Bankers, Bankers paid David a total of $10,664.10 in compensation.

**2.    Plaintiff Clure's Tenure and Earnings**

Plaintiff Rodney Clure worked for Bankers as an Agent in its Bellevue, Washington office for just over three years – from June 2008 to August 2011. With the exception of the last month of his tenure, Al Hawks was his Branch Sales Manager the entire time. Clure's total income from Bankers for that three-year period was $79,736.56. Because Bankers labeled Clure an "independent contractor," he did not receive minimum wage in all workweeks or overtime pay when he worked more than forty hours in a week. In some weeks, he received no pay at all.  Bankers' records for Clure reveal thirteen (13) pay-periods (over six months) where he was paid zero dollars. Bankers terminated Clure, in part, because he failed to comply with the branch schedule and had attendance issues,

SCHROETER GOLDMARK *&* BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

### 3.     Bankers' Employment Relationship With Clure and David

The following facts relate to the job duties and working conditions of Plaintiffs and their employment relationship with Defendant Bankers:

- Plaintiffs worked for Bankers pursuant to form Agent Contracts that deemed them to be independent contractors. Plaintiffs did not and could not negotiate the terms of those Contracts;

- Plaintiffs were compensated pursuant to commission schedules that were set by Bankers and subject to unilateral change by Bankers. Plaintiffs did not and could not negotiate the terms of those commission schedules;

- Bankers never told Plaintiffs they were outside salespeople;

- Plaintiffs were "captive Agents" – meaning they could only sell Bankers' products;

- Bankers established the prices of the products sold by Plaintiffs, and Plaintiffs had no say over those prices;

- Bankers' managers decided which Agents could sell securities products. Bankers refused to sponsor Plaintiff David to sit for exams and obtain licenses that would have enabled her to sell other financial products;

- Customers belonged to Bankers, not the Plaintiffs;

- Plaintiffs had no transferable interest in their sales, customers, or business when they left Bankers;

- The sales and services provided by Plaintiffs and other Agents are an integral part of Bankers' business;

- Bankers recruited Plaintiffs and other Agents with the promise and expectation of a long-term career with Bankers;

- Bankers held out Plaintiffs and other Agents to customers of the company as "career agents";

- Bankers required no prior sales experience or experience in the insurance industry before hiring Plaintiff or other Agents;

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

- Bankers provided the office space, furniture, phone system, and marketing materials for Plaintiffs;

- Plaintiffs' investment in the job was minor in relation to the expenditures Bankers made in support of its Agents, including Plaintiffs;

- Plaintiffs were required to undergo sales and product training by Bankers;

- Bankers trained on and required Plaintiffs to follow its sales model;

- Plaintiffs were required to participate in Bankers' "successful new Agent" program, which resulted in the branch manager taking a percentage of the new Agent's commissions;

- Plaintiffs were required to buy leads (contact information for prospective customers) from Bankers at a cost of $200 or more per month;

- Bankers selected the leads that Plaintiffs received;

- Any advertising or marketing materials that Plaintiffs wished to use had to be pre-approved by Bankers;

- Bankers dictated the format and content of Plaintiffs' business cards;

- Bankers dictated the format and content of Plaintiffs' resumes;

- Plaintiffs had to sign an agreement to comply with the the Bellevue Office Schedule;

- The Bellevue Office Schedule included two office days and three field days;

- Plaintiffs attended mandatory training and Agent meetings on the two office days;

- Plaintiffs were required to make prospecting telephone calls to potential customers on office days and to conduct field visits to customers on field days;

- The Bellevue Office Schedule directed Plaintiffs and other Agents to review their schedules with their managers on office days.

- On office days, Bankers' managers checked to see if Plaintiffs had set five appointments per field day before they left the office;

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

- Plaintiffs were periodically required to work in the office on Saturdays;

- Plaintiffs had to request permission from Bankers' managers to take vacation or other time off work;

- Plaintiffs had to obtain permission from Bankers' managers to deviate from the office schedule;

- The Bellevue Office Schedule directed Plaintiffs and other Agents to call their managers with their results at the end of field days;

- The Bellevue office had a dress code that Bankers enforced as to Plaintiffs, including on office days;

- Bankers trained Plaintiffs to use an approved telephone scripts when calling prospective customers;

- Bankers required Plaintiffs to use its form Fact Finder when making sales calls on prospective customers;

- Bankers required Plaintiffs to deliver new insurance policies to customers in-person.

## IV.   ISSUES OF LAW

### A.   Legal Issues Relating to Liability.

The primary liability issue in the case is whether Plaintiffs were misclassified as independent contractors under the MWA pursuant to the economic realities (or economic dependence) test adopted in *Anfinson v. FedEx Ground Package System, Inc.*, 281 P.3d 289, 299 (Wash. 2012). Under this test, the central question is whether the workers are: (a) economically dependent on the company (employees) or, (b) in business for themselves (independent contractors). *Id.* Courts applying the test consider such factors as:

1.   the degree of the company's right to control how the work is performed;
2.   the worker's opportunity for profit or loss depending on her managerial skill and initiative;
3.   the worker's investment in equipment or materials required for the task;
4.   whether the service rendered requires a special skill;

SCHROETER GOLDMARK *&* BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

5.     the degree of permanence of the working relationship; and

6.     whether the service rendered is an integral part of the company's business.

*Id.* at 298-99 (citing, *e.g.*, *Real v. Driscoll Strawberry Assocs.*, 603 F.2d 748, 754 (9th Cir. 1979); *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008); *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988)); *see also* U.S. Department of Labor Opinion Letter, Fair Labor Standards Act ("FLSA"), 2015 WL 4449086 (July 15, 2015).

Bankers also has asserted that even if Plaintiffs were employees rather than independent contractors, they are excluded from the overtime and minimum wage protections of the MWA under the MWA's outside sales and retail sales exemptions. RCW 49.46.010(3)(c) & .130(3). With respect to the outside sales exemption, the primary issues in this case are: (1) whether Plaintiffs regulated their own hours of work and Bankers had no control over the total number of hours worked; and (2) whether Bankers ever advised Plaintiffs of their exempt status as outside salespeople. *See* WAC 296-128-540 (setting forth requirements for application of outside sales exemption). With respect to the retail sales exemption, the primary issue in this case is whether Plaintiffs had a "regular rate of pay" that was at least one and half times Washington's minimum wage for each hour worked. In addition, with respect to both exemptions, the issue is whether Bankers can claim an exemption or exception from paying overtime under the MWA when it chose to classify Plaintiffs as something other than "employees" and excluded them from all of the protections that come from an employment relationship.

These issues of law have all been briefed to the Court and are the subjects of Plaintiffs' pending Motion for Summary Judgment on Liability.

SCHROETER GOLDMARK *&* BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

**B.     Legal Issues Relating To Damages.**

The primary legal issue relating to damages is whether any back pay owed for overtime should be calculated according to the standard methodology or the fluctuating workweek methodology. Plaintiffs assert that the former method should be used, while Bankers asserts that the latter method, or its mathematical equivalent, should be used.

Under the standard methodology, the regular rate of pay for any workweek is calculated by dividing total compensation for the week by 40 and awarding overtime pay of one and one half times the regular rate of pay for each hour worked over 40 in the workweek. Under the fluctuating workweek methodology, the regular rate of pay for any workweek is calculated by dividing total compensation for the week by the number of hours worked in the week and awarding overtime pay of one half the regular rate of pay for each hour worked over 40 in the workweek.

This issue of law has been briefed to the Court and is the subject of Bankers' pending Motion for Partial Summary Judgment.

## V.     EXPERT WITNESSES

Jeffrey Munson, Ph.D., 20431 – 12th Place West, Lynnwood, WA 98036, telephone (206) 616-2378.  Dr. Munson is an expert in database management and statistical analysis who may be called to testify regarding analysis of Defendant's compensation records  and calculation of damages owed to Plaintiffs.

## VI.     OTHER WITNESSES

**A.     Lay Witnesses:**

1.     Rodney Clure, c/o Schroeter Goldmark & Bender, 810 Third Avenue, Suite 500, Seattle, WA 98104, telephone (206) 622-8000;

2. Christine David, c/o Schroeter Goldmark & Bender, 810 Third Avenue, Suite 500, Seattle, WA 98104, telephone (206) 622-8000;

3. Marlon Canda; former unit sales manager, Seattle office, 22628 – 16th Avenue West, Bothell, WA 98021, telephone (425) 876-4120;

4. Sam Chan, former agent at Defendant's Bellevue office, 14415 SE 188th Way, Renton, WA 98058, telephone (2060 234-8420;

5. Anthony Gaynes, former agent at Defendant's Bellevue office, 2523 – 15th Avenue South, Seattle, WA 98144, telephone (206) 850-7986;

6. Gary Glassburn, former agent at Defendant's Bellevue office, 1101 – 10th Street, Apt. #24, Snohomish, WA 98290, telephone (425) 501-6271;

7. David Hendry, former agent at Defendant's Bellevue office, 15521 – 146th Avenue SE, Snohomish, WA 98290, telephone (425) 923-4306;

8. Maureen Hoff, former agent at Defendant's Bellevue office, 23811 – 132nd Avenue SE, #11, Kent, WA 98042, telephone (425) 306-6048;

9. Shawn Layton, former field trainer, Bellevue office, 15325 SE 27th Street, Bellevue, WA 98007, telephone 206-234-4268;

10. Mark Levy, former agent at Defendant's Bellevue office, 12423 – 4th Avenue West, Everett, WA 98204;

11. Leif Madsen, former agent at Defendant's Bellevue office, 420 East Sunset Way, "B", Issaquah, WA 98027, telephone (360) 280-3255;

12. Christopher Mitchell, former agent at Defendant's Bellevue office, 12309 – 80th Avenue NE, Kirkland, WA 98034, telephone (206) 898-3901;

13. Charles Taylor, former agent at Defendant's Bellevue office, 2003 Southwest 119th Street, Burien, WA 98146, telephone Phone: (206) 718-5495;

14. Thomas Whitten, former agent at Defendant's Bellevue office, 942 Ann Avenue, Sunnyside, WA 98944, telephone (509) 627-9878; and

15. Lekenyada Winston, former agent at Defendant's Bellevue office, 9245 – 10th Avenue SW, Seattle, WA 98106, telephone (206) 423-6083.

The above lay witnesses are expected to be called to testify regarding Defendant Bankers' operations, the job duties of Plaintiffs and other Agents in Bankers' Bellevue

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

office, the working conditions of Plaintiffs and other Agents in Bankers' Bellevue office, Defendant Bankers' policies and practices, payroll, and other subject matters relevant to this lawsuit.

## VII.  EXHIBIT LIST

| No. | Date | Description | Admissibility Stipulated | Authenticity Stipulated, but not Admissibility | Authenticity & Admissibility Disputed |
|---|---|---|---|---|---|
| 1. | | A document entitled "Agent Contract" [BL 00007-00017] | | | |
| 2. | 11/2006 | A document entitled "K.F. Agency, Inc. Representative Contract" [BL 00042-00046] | | | |
| 3. | Rev. 11/09 | A document entitled "Agent's Commission Schedule-BLC" [BL 00606-00621] | | | |
| 4. | 09/06 | A document entitled "Enhanced Compensation Program Supplement to Agent's Commission Schedule" [BL 00027] | | | |
| 5. | | A document entitled "Seattle Steps for Success" [BL 04292] | | | |
| 6. | | Schedules for offices which defendant maintains in the State of Washington [DAVID 000041] | | | |
| 7. | | "Welcome New Agent" letter from defendant's Executive Vice President/Chief Operating Officer, Scott Perry [BL 02190] | | | |

SCHROETER GOLDMARK *&* BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

| No. | Date | Description | Admissibility Stipulated | Authenticity Stipulated, but not Admissibility | Authenticity & Admissibility Disputed |
|---|---|---|---|---|---|
| 8. | | A CD containing true and correct copies of training videos produced by defendant during discovery [BL 02651; 02655] | | | |
| 9. | | Bankers Life Branch Sales Manager ("BSM") Manual [BL 00972-01009]- | | | |
| 10. | Q2-2010 | A publication called Agents Quarterly [BL 03532-03535] | | | |
| 11. | | A document entitled "Your First 30 Days," provided by Defendant to Plaintiff Christine David during her employment [DAVID 000044-000045] | | | |
| 12. | | A document entitled "NASv Workshop-Prospecting [BL 02039-02053] | | | |
| 13. | February 2010 | A document entitled "NASv Workshop-Prospecting"[BL 01852-01867] | | | |
| 14. | | A document entitled "Telephone Skills Instructor Guide" [BL 02368-02381] | | | |
| 15. | 9/11 | A document entitled "The Initial Solicitation" [BL 03115] | | | |
| 16. | August 2011 | A document entitled "Compliance News You Can Use" [BL 02984-02985] | | | |

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

| No. | Date | Description | Admissibility Stipulated | Authenticity Stipulated, but not Admissibility | Authenticity & Admissibility Disputed |
|-----|------|-------------|--------------------------|----------------------------------------------|----------------------------------------|
| 17. | February 2010 | A document entitled "NASv Workshop-Fact Finding" [BL 01775-01782] | | | |
| 18. | February 2010 | A document entitled "NASv Workshop-Introduction" [BL 01756-01764] | | | |
| 19. | 12/11 | A document entitled "Quarterly BSO Compliance Monitoring Checklist," (12/11) [BL 01010-01011] | | | |
| 20. | February 2010 | A document entitled NASv-Telephone Prospecting [BL 01868-01874] | | | |
| 21. | | Documents entitled "Telephone Script" [BL 04156-04159] | | | |
| 22. | | A document entitled "Agent Information and Procedures Manual [BL 00676-00781] | | | |
| 23. | March 2012 | A document entitled "Compliance News You Can Use" [BL 02696-02697] | | | |
| 24. | Sept. 2012 | A document entitled "Compliance News You Can Use" [BL 02797-02803] | | | |
| 25. | 12/17/10 | A document entitled "Field Compliance Alert," addressed to all BSMs and Agents [BL 02853-02854] | | | |

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

| No. | Date | Description | Admissibility Stipulated | Authenticity Stipulated, but not Admissibility | Authenticity & Admissibility Disputed |
|---|---|---|---|---|---|
| 26. | Rev. 8/01 | A document entitled "Telemarketing Guidelines" [BL 00524] | | | |
| 27. | 10/10/12 | A document entitled "Field Compliance Alert," "Subject: Social Media Reminder," addressed to all BSMs and Agents [BL 03133] | | | |
| 28. | 6/7/11 | A document entitled "Field Compliance Alert," addressed to all managers and Agents [BL 03005-03006] | | | |
| 29. | 2011 | A document entitled "Agent Compliance Guidelines" [BL 00879-00895] | | | |
| 30. | Nov. 2012 | A document entitled "Compliance News You Can Use" [BL 02692-02693] | | | |
| 31. | | A document entitled "NASv Workshop-Warm Up" [BL 01900-01919] | | | |
| 32. | 3/31/09 | A document entitled "Field Compliance Alert," addressed to all BSMs and Agents [BL 02752-02759] | | | |
| 33. | 8/31/09 | A document entitled "Inter-Office Correspondence," to Albert Hawks from Christine David [BL 01285] | | | |

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

| No. | Date | Description | Admissibility Stipulated | Authenticity Stipulated, but not Admissibility | Authenticity & Admissibility Disputed |
|---|---|---|---|---|---|
| 34. | | A document entitled "Prospecting Instructor Guide" [BL 02382-02403] | | | |
| 35. | 11/08 | Bankers Life Policy brochure [BL 03171-03174] | | | |
| 36. | | A document entitled "Agent Development Track" provided to Plaintiff Christine David by defendants during her employment by Defendants [DAVID 000046-000047] | | | |
| 37. | | IRS 1099 data produced by Bankers reporting Plaintiff Christine David's earnings | | | |
| 38. | | IRS 1099 data produced by Bankers reporting Plaintiff Rodney Clure's earnings | | | |
| 39. | 7/2/15 | A report of Plaintiffs' expert, Dr. Munson, including his updated damages calculations for Plaintiffs David and Clure | | | |

DATED this 25th day of August, 2017.

SCHROETER GOLDMARK & BENDER

Adam J. Berger, WSBA #20714
Lindsay Halm, WSBA #37141

*Attorneys for Plaintiffs*

PLAINTIFFS' PRETRIAL STATEMENT - 14
[14-cv-00766-RSL]

SCHROETER GOLDMARK *&* BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

1

## **DECLARATION OF SERVICE**

2

I, Sheila Cronan, a resident of the County of Kitsap, declare under penalty of perjury

3

under the laws of the State of Washington that on August 28, 2017, I caused to be emailed

4

and placed in the US Mail, first class, postage prepaid, a true and correct copy of this

5

document addressed to counsel for defendant, as follows:

6

7
          Daniel L. Thieme
          Ryan P. Hammond

8
          Joanna Silverstein
          Littler Mendelson PC

9
          600 University Street, Suite 3200
          Seattle, WA  98101

10

11
DATED at Seattle, Washington this 25th day of August, 2017.

12

13
SHEILA CRONAN
Paralegal

14

15

16

17

18

19

20

21

22

23

24

25

26

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305