Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTINE DAVID and RODNEY CLURE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANKERS LIFE AND CASUALTY COMPANY, a foreign corporation,<br><br>Defendant. | No. 14-cv-00766-RSL<br><br>ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

This matter comes before the Court on the parties' stipulated Motion for Preliminary Approval of a Class Action Settlement. The Court has considered the motion together with the supporting declaration and exhibits and the record on file with the Court. For the reasons set forth below, the Court GRANTS the motion and preliminarily approves of the parties' class-wide settlement.

**A.     Standard of Review**

A party seeking to certify a settlement class must establish that the requirements of Fed. R. Civ. P. 23 ("Rule 23") are met. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997). A court must engage in a "rigorous analysis" to determine whether the requirements

ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT – 1 [14-cv-00766-
RSL]

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
Phone (206) 622-8000 • Fax (206) 682-2305

of Fed. R. Civ. P. 23 are satisfied. *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982). However, the evidentiary showing need not be extensive. *Blackie v. Barrack*, 524 F. 2d 891, 901 (9th Cir. 1975).

In addition, the Court must satisfy itself that the proposed class-wide settlement is fair, adequate, and reasonable to the class. Fed. R. Civ. P. 23(e); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). In conducting such analysis, federal courts consider the following factors:

> [T]he strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026 (citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993)).

### B. The Proposed Settlement Class Satisfies Fed. R. Civ. P. 23

To be certified under Rule 23, Plaintiffs and the proposed Settlement Class must satisfy all the requirements of Rule 23(a): (1) the class is so numerous that joinder of all members is impracticable ("numerosity"), (2) there are questions of law or fact common to the class ("commonality"), (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"), and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy"). In addition, the proposed Settlement Class must satisfy the requirements of superiority and predominance under Rule 23(b)(3). Predominance is similar to the inquiry on commonality, but focuses on whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem*

ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT – 2 [14-cv-00766-RSL]

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

*Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Superiority requires that a class action be superior to other available methods for adjudication.

For the reasons set forth below, the Court certifies the following Settlement Class:

> Agents assigned to the Bellevue Branch or one of its satellite offices during the period June 22, 2008 to July 30, 2011 who had twelve or fewer months' tenure during that period.

**1.      Numerosity.**

Here, the Settlement Class's size is sufficiently numerous to meet the requirement of numerosity. There are over 200 class members. As a general rule a potential class of 40 members is considered impractical to join. *See Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986).

**2.      Commonality.**

Rule 23(a)(2) requires that the claims of the proposed class "depend upon a common contention … of such a nature that it is capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The rule does not require that every question of law or fact be common to every member, nor does it require that class members be identically situated or have suffered the same degree of injury. *See id.*

Here, common legal and factual issues bind the Settlement Classes, namely whether Bankers had a practice of treating new agents under Al Hawks' management as employees rather than independent contractors. In prior briefing, Bankers did not dispute that common evidence existed on most (4 of 6) of the relevant factors on the economic dependence test – even as applied to a larger and more diverse class of agents. *See generally* Dkt. #21 (Def. Mot. to Decertify); *see also* Dkt. #40 at 6-7 (June 30, 2015 Order) (summarizing Plaintiffs' unanswered evidence on "most" factors). And, in its ruling denying certification over

ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT – 3  [14-cv-00766-RSL]

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Plaintiffs' proposed narrower class of "New Agents," this Court acknowledged the "common issues and common evidence across several factors of the economic-dependence test." Dkt. #76 at 7-8. A common legal and factual question also exists as to whether Bankers can rely on the outside sales exemption to avoid overtime obligations even if the Agents were misclassified. The Court therefore finds that the claims of the Settlement Class Members are bound by sufficient common threads of fact and law to satisfy Rule 23(a)(2).

### 3. Typicality.

Typicality is satisfied if the claims or defenses of the representative parties are "reasonably co-extensive" of the claims of absent class members. *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010). This factor closely resembles that of commonality and requires that the representative be "part of the class and 'possess the same interest and suffer the same injury' as the class members." *General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 156-57 (1982). Here, Plaintiffs challenge their classification and, as such, their claims are typical of and co-extensive with those of the Settlement Class. And again, this factor was not at issue in the Court's prior ruling on class certification. *See generally*, Dkt. #76.

### 4. Adequacy.

The proposed Class Representatives and their counsel will fairly and adequately protect the interests of the Settlement Class. Plaintiffs have no antagonistic or conflicting interests with absent Settlement Class members and Class counsel are experienced in employment litigation and class action practice.

ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT – 4 [14-cv-00766-RSL]

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

### 5. **Superiority and Predominance.**

Finally, on the elements of superiority and predominance, the Court is satisfied that both requirements are met. While the Court expressed previous concerns over manageability of this case if it were to proceed as a class action at trial, Dkt. #76, such concerns are no longer present. *See Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see* Fed. R. Civ. Pro. 23(b)(3)(D), for the proposal is that there be no trial."); *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 660 (7th Cir. 2004) ("The class might be unmanageable if the case were actually tried yet manageable as a settlement class because the settlement might eliminate all the thorny issues that the court would have to resolve if the parties fought out the case."). The parties' proposed settlement provides a superior method to address Bankers' alleged violations of Washington wage laws than individual claims. The Court has not been presented with any evidence that any class members have ever instituted any other lawsuits on the issues raised in this case or shown any interest in individual control of this litigation – even after decertification. As such, rejecting the parties' proposed settlement in this case would lead not to alternative methods of adjudicating this dispute for other Agents, but to a denial of relief to them altogether. The Court finds that the requirements of Rule 23(b)(3) are satisfied.

### C. **The Court Preliminarily Approves the Proposed Settlement as Fair and Reasonable.**

Based on the Court's review of the instant motion and the parties' Settlement Agreement (Exhibit 1 to the Declaration of Lindsay L. Halm) together with its knowledge of the claims and defenses at issue in the case and the proceedings to date, the Court concludes

ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT – 5 [14-cv-00766-RSL]

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

that the terms of the parties' proposed settlement appear fair, reasonable, and adequate. To that end, the Court ORDERS as follows:

1. The Court appoints Plaintiffs Christine David and Rodney Clure as Class Representatives of the Settlement Class; and Adam J. Berger and Lindsay L. Halm of Schroeter Goldmark & Bender as Class Counsel.

2. The Court approves the form and content of the parties' proposed notice to the Settlement Class Members ("Notice") that is attached as Exhibit 2 to the Declaration of Lindsay L. Halm.

3. The Court concludes that the manner of giving notice satisfies Rule 23 and the requirements of due process and, consistent with the terms of the parties' Settlement Agreement, the Court directs Defendant to mail a copy of the Notice to each Settlement Class Member no later than thirty (30) calendar days following the date of this Order.

4. On September 19, 2019, at 1:30 p.m., the Court will conduct a hearing ("Final Fairness Hearing") to determine whether to approve the settlement as fair, reasonable, and adequate, which, if so approved, will result in a dismissal and final judgment. The Final Fairness Hearing may, without further notice to the Settlement Class, be continued or adjourned by order of this Court.

5. Settlement Class Members are not required to attend the Final Fairness Hearing in order to be considered part of the Settlement Class, but may appear if they so choose.

6. The Court approves notifying the Settlement Class of Plaintiffs' request for $370,000 in attorneys' fees and costs, subject to final approval at the Final Fairness Hearing.

ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT – 6  [14-cv-00766-RSL]

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

7. The Court approves notifying the Settlement Class of the proposed incentive payments of $10,000 each for the Class Representatives in recognition of their role in this case and service to the Settlement Class, subject to final approval at the Final Fairness Hearing.

8. The Court directs Class Counsel to submit a motion for final approval of the settlement, along with a proposed order approving the settlement and awarding Class Counsel's fees/costs and incentive payments for Class Representatives no later than fifteen (15) calendar days prior to the date of the Final Fairness Hearing. Such papers shall also inform the Court whether the mailing to Settlement Class Members was completed in accordance with the requirements of this Order, and provide information concerning any opt-outs or objections received as a result of such mailing.

9. Individuals who receive Notice of the settlement and wish to exclude themselves ("opt out") from the Settlement Class must do so by following the instructions as set forth in the Notice.

10. Settlement Class Members who do not "opt out" (and thus, remain in the Settlement Class) may submit a written objection to any of the terms of the proposed settlement, by following the instructions as set forth in the Notice. Only Settlement Class Members who file a timely, written objection to the settlement will be permitted to appeal or seek review of this Court's decision approving or rejecting the settlement.

11. In the event the parties' proposed settlement does not become effective in accordance with the terms of the Settlement Agreement or is not finally approved by this Court, the Court shall vacate this order, decertify the Settlement Class, and reinstate all claims and defenses.

ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT – 7  [14-cv-00766-RSL]

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

IT IS SO ORDERED this 3rd day of June, 2019.

*signature: Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

PRESENTED BY:

SCHROETER GOLDMARK & BENDER

*s/ Lindsay L. Halm*
Lindsay L. Halm, WSBA #37141
halm@sgb-law.com
Adam J. Berger, WSBA #20787
berger@sgb-law.com
810 Third Avenue, Suite 500
Seattle, WA 98104
Phone: (206) 622-8000

*Attorneys for Plaintiffs*

LITTLER MENDELSON, P.C.

*s/ Ryan P. Hammond*
Ryan P. Hammond, WSBA #38888
rhammond@littler.com
Breanne S. Martell, WSBA #39632
bsmartell@littler.com
600 University Street, Suite 3200
Seattle, WA 98101.3122
Phone: (206) 623-3300
*Attorneys for Defendant*

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT – 8 [14-cv-00766-RSL]

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305