Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTINE DAVID and RODNEY CLURE, individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>v.<br><br>BANKERS LIFE AND CASUALTY COMPANY, a foreign corporation,<br><br>                     Defendant. | No. 14-cv-00766-RSL<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE AND FINAL JUDGMENT<br><br>[CLERK'S ACTION REQUIRED] |

This matter comes before the Court on Plaintiffs' Motion for Final Approval of a Class Action Settlement. The Court has considered all papers submitted by the parties in connection with the proposed settlement, including the instant motion, the supporting declaration of Rita Mennen, the parties' Stipulated Motion (Dkt. #119), the declaration of Settlement Class Counsel (Dkt. #120) and exhibits attached thereto. In addition to the parties' materials, the Court held a hearing on September 19, 2019. The Court, having heard all persons

ORDER GRANTING STIPULATED MOTION FOR
FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND DISMISSING ACTION WITH
PREJUDICE – 1
[14-cv-00766-RSL]

SCHROETER GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

properly appearing and requesting to be heard, having considered the papers submitted in support of the proposed Settlement and the oral presentations of counsel, having considered all applicable law, and having considered any objections made properly to the proposed Settlement, hereby GRANTS Plaintiffs' Motion for Final Approval of a Class Action Settlement and ORDERS as follows:

1. The Court's prior order of June 3, 2019 granting preliminary approval of the class action settlement (Dkt. #122) ("June 3 Order") and the parties' Settlement Agreement, including the terms defined therein and all exhibits thereto, are incorporated herein by reference.

2. The Court finds it has jurisdiction over the subject matter of this action and the parties, including all members of the Settlement Class who have not opted out of the matter.

3. The Court approves the Settlement, finding that it is fair, reasonable, and adequate to members of the Settlement Class, and consistent and in compliance with all requirements of Washington and federal law, for the reasons set forth in the parties' Stipulated Motion (Dkt. #119) and in the Plaintiffs' Motion for Final Approval.

4. The Court finds that the Notices mailed to members of the Settlement Class at their last known addresses provides the best notice practicable under the circumstances and that the Notice was mailed in accordance with the Court's June 3 Order. The Notices given to the Settlement Class Members fully complied with Rule 23, were the best notices practicable, were reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the litigation and their rights with respect to the settlement, and satisfied all applicable requirements of constitutional due process and any other applicable requirements under Washington and federal law.

ORDER GRANTING STIPULATED MOTION FOR
FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND DISMISSING ACTION WITH
PREJUDICE – 2
[14-cv-00766-RSL]

SCHROETER GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

5. No objections to the terms of the Settlement have been communicated to Defendant, Settlement Class Counsel, or filed with the Court.

6. Only one individual has opted out of the Settlement Class.

7. The Court finds that Plaintiffs Christine David and Rodney Clure and Settlement Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

8. The Court finds that Settlement Class Counsel's request for an award of attorneys' fees and costs is fair and reasonable, and hereby approves the request for an attorneys' fee and cost award of $370,000. After costs ($64,609), the remainder for attorneys' fees represents 30.5% of the Maximum Settlement Payment. Such figure is within the range of reasonable percentage awards in common fund cases. Counsel's declaration (Dkt. #120) and the detailed billings attached to it demonstrate the time expended on the matter and a break-down of costs incurred. Such records show that Settlement Class Counsel has devoted substantial time and effort toward pursuing settlement class members' claims, even after decertification, moving to certify a narrower class and, failing that, positioning Plaintiffs' individual claims for trial and, if necessary, subsequent appeal. The result achieved under the circumstances supports the award. *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ("The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award."). Counsel has done so on a contingent-fee basis, meaning they will not have been paid for over eight years of litigation. Such risk in pursuing a wage and hour case supports a percentage rate of 30.5%. *Cf. Schilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 157 (1998). A lodestar cross-check further supports the attorney fee award as reasonable given that counsel's lodestar is markedly higher than the

ORDER GRANTING STIPULATED MOTION FOR
FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND DISMISSING ACTION WITH
PREJUDICE – 3
[14-cv-00766-RSL]

SCHROETER GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

fees requested. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051, n.6 (9th Cir. 2002) (approving common fund percentage fee that was 3.65 times lodestar, and finding most cases fell between one and four times lodestar). Finally, the Court finds the hourly rates of Settlement Class Counsel and staff as described in the Stipulated Motion for the lodestar cross-check are reasonable and within usual market rates.

9. The Court approves payment in the amount of $10,000 to each of the named Plaintiffs as Settlement Class Representative Awards for their service on behalf of the Settlement Class.

10. The parties are hereby directed to proceed with the settlement payment procedures specified under the terms of the Settlement Agreement.

11. The Settlement Agreement is binding on all Participating Settlement Class Members, as defined in the parties' Settlement Agreement. Plaintiffs Christine David and Rodney Clure and Participating Settlement Class Members are bound by the Release of Claims set forth in Paragraph 2 of the Settlement Agreement, and are enjoined from maintaining, prosecuting, commencing, or pursuing any claim released under the Settlement Agreement, and are deemed to have released and discharged the Defendant and Released Parties from any such claims.

12. The Court reserves jurisdiction over the parties as to all matters relating to the administration, enforcement, and interpretation of the Settlement Agreement, and for any other necessary purposes.

13. Neither this Final Order and Judgment nor any aspect of this settlement is to be offered as evidence of, or construed or deemed as an admission of, liability, culpability, negligence, or wrongdoing on the part of Defendant or its employees or agents. Without

ORDER GRANTING STIPULATED MOTION FOR
FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND DISMISSING ACTION WITH
PREJUDICE – 4
[14-cv-00766-RSL]

SCHROETER GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

limiting the generality of the foregoing, nothing about this Final Order and Judgment or the settlement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying a class in this lawsuit or any other action for adversarial, rather than settlement, purposes.

14. The parties are authorized, without further approval from the Court, to mutually agree to and adopt any technical or process amendments or modifications to the Settlement Agreement provided such changes are: (i) consistent with this Order; (ii) consistent with the intent of the Settlement Agreement; and (iii) do not limit any substantive rights of the Settlement Class.

15. In the event the Settlement does not become effective, this Order shall be rendered null and void and shall be vacated and, in such event, all orders entered in connection therewith shall be vacated and rendered null and void.

16. This case, including all individual and class claims presented thereby, is hereby DISMISSED with prejudice, with each party to bear his, her, or its own fees and costs, except as set forth herein.

17. The Court hereby enters Judgment approving the terms of the Settlement. This Order shall constitute a final judgment for purposes of Fed. R. Civ. P. 58.

IT IS SO ORDERED this 19th day of September, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING STIPULATED MOTION FOR
FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND DISMISSING ACTION WITH
PREJUDICE – 5
[14-cv-00766-RSL]

SCHROETER GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305